UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL KELLY and MAE SAFEE, Individually
and on behalf of others similarly situated,

      Plaintiffs,

v.

ADP & ASSOCIATES OF BROOKSVILLE, INC. and
ANTHONY D. PEDONESI, Individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL KELLY and MAE SAFEE (hereinafter referred to as "PLAINTIFFS"), in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and by and through their undersigned counsel, sue the Defendants, ADP & ASSOCIATES OF BROOKSVILLE, INC. (hereinafter referred to as "ADP"), and ANTHONY D. PEDONESI, Individually (hereinafter referred to as "PEDONESI") collectively known as ("DEFENDANTS")  and alleges as follows.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

1

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      At all times material herein, Plaintiffs are residents of Hernando County, Florida.

4.      At all times material herein, Defendant, ADP was and is a Florida for profit corporation, and doing business in this judicial district.  At all times material Defendant, ADP,  was an employer as defined by the FLSA.

5.      Defendant, Pedonesi, is the President of ADP & Associates of Brooksville, Inc., and was acting in a supervisory capacity for ADP & Associates of Brooksville, Inc.   Defendant, Pedonesi, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records.   Defendant, Pedonesi, possessed operational control of business activities.

6.      Defendant, Pedonesi, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiffs.

2

7.     At all times material herein, Plaintiffs were employees of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8.     At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

9.     Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10.    Alternatively, Plaintiffs are covered as individuals under the FLSA because Plaintiffs engaged in interstate commerce as part of their job with Defendants, 29 U.S.C. §207(a)(1).

11.    Plaintiffs have retained the undersigned counsel to represent their interest in this action and are obligated to pay them a reasonable fee for their services.

## FACTS

12.    Plaintiff, Michael Kelly, began his employment on or about January 2017.

13.    Plaintiff, Mae Safee, began her employment on or about October 2019.

14.    Defendants provide FHA/VA/USDA and conventional modular and manufactured home foundation inspections for pre-owned homes.

15.    Plaintiffs' primary duties involved foundation design and inspections for new homes and foundation inspections for such homes.

16.    Plaintiffs were compensated on a piece rate basis and received $65.00 per plan design or inspection.

17.    Plaintiffs regularly and routinely worked in excess of forty (40) hours in a work week.

18.    Plaintiff, Michael Kelly, estimates he worked an average of seventy to eighty hours each week.

19.    Plaintiff, Mae Safee, estimates she worked an average of fifty to sixty hours per week.

20.    If Defendants customers did not pay within ninety days Defendant failed and refused to pay Plaintiffs their piece rate even when monies would be received after ninety days.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)
## AS TO ALL DEFENDENTS

21.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

22.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

23.     Throughout their employment with Defendants, Plaintiffs worked in excess of forty (40) hours per week, for which they were not compensated at the overtime rate.

24.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiffs, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

25.     Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked for Defendants.

26.     Defendants' failure to pay Plaintiffs overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

27.     Defendants knew or had reason to know that Plaintiffs performed

work in excess of forty (40) hours per work week.

28.     Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiffs. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

29.     As a direct result of Defendants' violations of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

30.     As a result of Defendants' violations of the FLSA, Plaintiffs are entitled liquidated damages.

31.     Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants including, but not limited to:

a.     Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.     Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c.     Awarding prejudgment interest;

d.      Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Determining that the FLSA was violated and an adjudication on the merits of the case;

f.      Ordering any other further relief the Court deems just and proper.

## COUNT II

32.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

33.     At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

34.     Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

35.     At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

36.     Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

37.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
### FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES
### AS TO DEFENDANT, ADP & ASSOCIATES OF BROOKSVILLE, INC.

38.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

39.     Plaintiffs earned wages over the course of their employment which are owed and payable by the Defendant, ADP, pursuant to Florida Statute Chapter 448.08.

40.     Plaintiffs' claim is for all uncompensated hours worked by Plaintiffs that were not overtime hours.

41.     Defendant, ADP, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiffs respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, ADP, for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## AS TO DEFENDANT, ADP & ASSOCIATES OF BROOKSVILLE, INC.

42.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

43.     Plaintiffs brings this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

44.     FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

45.     FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

9

46.     Plaintiffs are permitted to bring suit under FDUTPA even though the

unlawful practice of Defendant, ADP, did not involve a consumer transaction. *Fla.*

*Stat.* § 501.211(2).

47.     During Plaintiffs' employment with Defendant, ADP, Defendant

failed comply with federal and state laws, including but not limited to failure to

pay federal payroll taxes and state unemployment taxes as well as other taxes,

costs and expenses associated with Defendant's ADP, misclassifying employees as

independent contractors.

48.     By failing to pay required payroll taxes, Defendant, ADP  engaged in

an unfair method of competition because Defendant, ADP, paid fewer taxes than

competing businesses that follow state and federal tax laws and, therefore, have

more money to use in competition against its competing businesses.

WHEREFORE, Plaintiffs demand judgment against Defendant, ADP, and

for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and

for such other relief as the Court deems just and equitable.

Dated this 28th day of April 2022.

> FLORIN GRAY BOUZAS OWENS, LLC
>
> /s/Wolfgang M. Florin
> Wolfgang M. Florin
> Florida Bar No. 907804
> wflorin@fgbolaw.com
> Christopher D. Gray

Florida Bar No. 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
 Facsimile (727) 483-7942
Attorneys for Plaintiff