**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KELLY WALTER, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MICHAEL KELLY, and MAE SAFEE,
individually and on behalf of others
similarly situated,

    Plaintiffs,

vs.                                                     CASE NO.: 8:22-cv-00994-WFJ-TGW

ADP & ASSOCIATES OF BROOKSVILLE,
INC., and ANTHONY D. PEDONESI,
an individual,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Kelly Walter, as Personal Representative of the Estate of Michael Kelly and Mae Safee ("Plaintiffs"), and Defendants, ADP & Associates of Brooksville, Inc. and Anthony Pedonesi ("Defendants"), by and through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support, the Parties state as follows:

1

1. Plaintiffs filed suit in the United States District Court, Middle District of Florida under the case style <u>Mae Safee, et al. v. ADP & Associates of Brooksville, Inc.</u>, Case No. 8:22-cv-00994-WFJ-TGW, on April 28, 2022. Dkt. 1

2. Plaintiffs claim to be owed back overtime wages pursuant to the Fair Labor Standards Act by and against Defendants for work allegedly performed for Defendants. Plaintiffs also claim to be owed damages pursuant to Section 448.08, Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, et seq., Florida Statutes.

3. In response to Plaintiffs' Complaint, Defendant, ADP & Associates of Brooksville, Inc. ("ADP"), filed a Counterclaim against Plaintiff, Kelly Walter, as Personal Representative of the Estate of Michael Kelly (the "Estate"), claiming to be owed damages as a result of a breach of contract.

4. Defendants deny all liability and believe that they would ultimately prevail on all issues in this or any other action by Plaintiff, but believe the Confidential Settlement Agreement and Mutual General Release entered into by the Parties (the "Settlement Agreement") to be in their best interest due to anticipated costs in legal expenses and distraction of personnel from their normal duties.

5. The Estate denies all liability and believes that it would ultimately prevail on all issues in any action by ADP, but believe the settlement set forth herein to be in its best interest due to anticipated costs in legal expenses.

6. The defenses raised by Defendants, and the legal authorities and evidence in support of those defenses, make any recovery to Plaintiffs uncertain, and the amount they might recover if they do prevail is also uncertain. The proposed settlement is for amounts that Plaintiffs agree to accept as full compensation for any wages, minimum and overtime, or other damages that may be due, and for a mutual general release and confidentiality agreement that Plaintiffs agree to be fair and reasonable given the facts and circumstances, and the risk that a court may find that Plaintiffs are entitled to no back overtime wages or other damages, as well as the risk presented by the Counterclaim.

7. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to all of Plaintiffs' claims, including Plaintiffs' FLSA claims, and as to all of ADP's claims against Plaintiffs. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

## MEMORANDUM OF LAW

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. Id. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. Dail v. George A. Arab, Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

**I.   The Settlement**

Under the terms of the Settlement Agreement, Defendants shall pay Plaintiffs the total sum as set forth in the Settlement Agreement, which includes

4

any claimed attorneys' fees and costs. The settlement payment was negotiated while taking into account the merits of both Plaintiffs' claims and ADP's claims.[1]

The Settlement Agreement contains a mutual general release, confidentiality provision, and mutual non-disparagement provision. While the Parties recognize that such provisions are generally disfavored in FLSA settlement agreements, the Parties believe that the inclusion of a mutual general release, confidentiality provision, and mutual non-disparagement provision in the Settlement Agreement positively affects the fairness and reasonableness of the settlement, given that the Settlement Agreement resolves all claims asserted by Plaintiffs against Defendants, including those claims made pursuant to Section 448.08, Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, et seq., Florida Statutes, and all claims asserted by Defendants against Plaintiffs.

Moreover, Defendants' agreement to provide a general release to Plaintiffs and agreement to the dismissal with prejudice of ADP's claims against the Estate, provides additional and valuable consideration in exchange for the inclusion of the aforementioned provisions in the Settlement Agreement. Accordingly, given that Plaintiffs are being provided additional and valuable consideration in

---

[1] Given that the Settlement Agreement contains a confidentiality provision, a copy of the Settlement Agreement, along with this Motion, will be delivered directly to Chambers for confidential review.

5

exchange for these provisions, the inclusion of these provisions is proper in the Settлement Agreement. See, e.g., Smith v. Aramark Corp., 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement containing general release, confidentiality, and non-disparagement provisions where plaintiff received additional consideration for such provisions); Caamal v. Shelter Mortg. Co., L.L.C., 6:13-CV-706-ORL-36, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) ("a number of cases have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that went beyond the release of the FLSA claim"); Bacorn v. Palmer Auto Body & Glass, LLC, 6:11-CV-1683-ORL-28, 2012 WL 6803586, at *2 (M.D. Fla. Dec. 19, 2012), report and recommendation adopted, 6:11-CV-1683-ORL-28, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement where employee signed a general release in exchange for a mutual release from employer); Bright v. Mental Health Res. Ctr., Inc., 3:10-CV-427-J-37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving settlement agreement where general release was signed in exchange for a dismissal of counterclaim).

## II. "Bona Fide" Disputes Exist

Lynn's Food Stores permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." Dees, 706 F. Supp. at 1241. Parties requesting

review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the FLSA dispute. Id.

The Parties dispute whether Plaintiffs were employees for the purposes of the FLSA or independent contractors. Accordingly, given that the Parties dispute whether the FLSA applies to Plaintiffs working relationship with Defendants, a bona fide dispute exists.

### III. All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval

Although Lynn's Food Stores determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. See Dees, 706 F. Supp. 2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

Id. at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

a. *There is no fraud or collusion behind the settlement.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. See Bonilla v. Shiner's Car Wash, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

b. *The complexity, expense, and length of future litigation militate in favor of the settlement.*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. Both sides would bear some risk if the case proceeds to trial. With respect to all of Plaintiffs' claims, Plaintiffs would risk recovering nothing on its various claims, and Defendants would risk the possibility of an adverse judgment and fee award. With respect to ADP's claims, the Estate would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

c. *The stage of the litigation weighs in favor of approval of the settlement.*

While some discovery has taken place, the parties resolved this matter prior to the summary judgment deadline and prior to significant efforts being made in relation to trial preparation. If the Parties are required to litigate, each side will incur fees and costs that may quickly exceed the amount of overtime compensation

8

and other damages at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

    d. *Plaintiffs' probability of success on the merits is uncertain.*

Plaintiff's probability of success on the merits is not a certainty. Defendants deny Plaintiffs' allegations and contend that Plaintiffs were independent contractors and there is no FLSA coverage. While Plaintiffs might ultimately prevail if the case proceeds to trial, it is likewise possible Defendants will establish Plaintiffs were independent contractors and/or no FLSA coverage and Plaintiffs will recover nothing. There is also a possibility that not only will the Plaintiffs fail on their claims against Defendants, but that the Estate will be liable to ADP in relation to its Counterclaim.

    e. *The Parties weighed the opinions of counsel in deciding whether to settle.*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

## CONCLUSION

The Parties respectfully request the Court to approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiffs would seek at trial against the risk that Plaintiffs might recover nothing if the case were to proceed, and the possibility that the Estate may be found liable to ADP. All factors

germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this 18th day of April, 2023.

| FLORIN GRAY BOUZAS OWENS, LLC | PETERSON & MYERS, P.A. |
|---|---|
| By: __*/s/ Wolfgang M. Florin*__<br>Wolfgang M. Florin<br>Florida Bar No. 907804<br>wflorin@fgbolaw.com<br>16524 Pointe Village Drive, Suite 100<br>Lutz, FL 33558<br>Telephone: (727) 220-4000<br>Fax: (727) 483-7942<br>*Attorneys for Plaintiff* | By: __*/s/ Stephen R. Senn*__<br>Stephen R. Senn<br>Florida Bar No. 0833878<br>Nicholas L. Sellars<br>Florida Bar No. 0119379<br>P. O. Box 24628<br>Lakeland, FL 33802-4628<br>Telephone: (863) 683-6511<br>Fax: (863) 682-8031<br>ssenn@petersonmyers.com<br>srsservice@petersonmyers.com<br>nsellars@petersonmyers.com<br>nlsservice@petersonmyers.com<br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of **April, 2023**, that the foregoing was served via the Court's CM/ECF which will send an electronic notice to the following:

Wolfgang M. Florin, Esq.
wflorin@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558

        By: ___*/s/ Stephen R. Senn*___
        Stephen R. Senn